**Obdulia LOYOLA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 04–75269, 05–70901.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 27, 2007.

Teresa Salazar, Martin Resendez Guajardo, Esq., Law Offices of Martin Resendez Guajardo, A Professional Corporation, San Francisco, CA, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Lisa M. Arnold, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Obdulia Loyola, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") decision denying her application for special rule cancellation of removal, and the BIA's order denying her motion to reconsider that order. We dismiss in part and grant in part the petition for review in No. 04–75269 and we deny the petition for review in No. 05–70901.

We lack jurisdiction to review the agency's discretionary determination that Loyola failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003). Loyola's contention that the IJ and BIA deprived her of due process by misapplying the law to the facts of her case does not state a colorable due process claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction."); *see also Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001)

** This disposition is not appropriate for publication and is not precedent except as provid-

(holding that the "misapplication of case law" may not be reviewed).

In her opening brief, Loyola fails to address, and thereby has waived any challenge to, the BIA's grounds for denying the motion to reconsider. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (holding issues which are not specifically raised and argued in a party's opening brief are waived).

In the underlying proceedings, the IJ granted voluntary departure for a 60 day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the agency for further proceedings regarding voluntary departure.

**PETITION FOR REVIEW No. 04–75269 DISMISSED in part, GRANTED in part; REMANDED. PETITION FOR REVIEW No. 05–70901 DENIED.**